**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEROY HOLMES,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-5541** |
| | : | |
| **OFFICER WESOLAVSKI, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

**AND NOW**, this 19th day of August 2026, upon consideration of *pro se* Plaintiff Leroy Holmes's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

2. Leroy Holmes, #QQ-7306, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Frackville or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Holmes's inmate account; or (b) the average monthly balance in Holmes's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Holmes's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Holmes's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to the Superintendent of SCI Frackville.

4. The Complaint is **DEEMED** filed.

5. The official capacity claims against the Defendants are **DISMISSED WITHOUT PREJUDICE.**[1]

6. The case shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), against the following Defendants in their individual capacities[2]:

---

[1] In drafting his Complaint, Holmes checked the box on the form he used indicating that he seeks to name Defendants only in their respective official capacities. (ECF No. 2 at 2.) Holmes appears not to have understood the implication of checking the official capacity box. Claims against municipal employees such as those named here in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendants, here the City of Philadelphia. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978))). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

As an initial matter, a municipality is not vicariously liable under § 1983 for the actions of its employees. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (holding that local governments can be liable as "persons" under § 1983, but this liability extends only to "their *own* illegal acts" (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). Rather, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Holmes not only fails to identify a specific policy or custom of the City of Philadelphia, but also fails to allege that he was injured due to that policy or custom, both of which are fatal to his claim. Accordingly, his official capacity claims are not plausible and must be dismissed without prejudice. The Court will entertain a request by Holmes to amend his pleading to reassert an official capacity claim/*Monell* claim should he be able to cure this defect, but will not delay service of process for other viable claims at this time.

[2] Holmes's Complaint could be understood as seeking to raise a civil rights violation against Defendants in their individual capacities, and the Court liberally construes the Complaint to assert a claim against Defendants in their individual capacities as well. *See e.g., Downey v.*

a. Philadelphia Police Officer Wesolavski, #5112

b. Philadelphia Police Officer Jastizebski, #2445

7. In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Holmes together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for each Defendant listed in paragraph six (6) of this Order. The Clerk of Court is further **DIRECTED** to note the mailing on the docket.

8. To proceed with service, Holmes must complete a USM-285 Form for each Defendant listed in paragraph six (6) and return the completed forms to the Clerk's Office within **twenty-one (21) days** of the date of this Order. Service cannot be made by the U.S. Marshal Service until Holmes completes and returns these forms.

9. In completing the USM-285 Forms, Holmes is instructed as follows:

a. Holmes should complete a separate USM-285 Form for each Defendant listed in paragraph six (6) of this Order. Only one Defendant's name should appear on each USM-285 Form.

b. Holmes shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph six (6) of this Order, including but not limited to any Defendant who already has been dismissed from this case.

---

*Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed event though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

c. Holmes should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

d. Holmes must provide each Defendant's complete address at a location where that Defendant can be served. The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address.

e. Holmes must sign the USM-285 Forms on the signature block marked "Signature of Attorney other Originator requesting service on behalf of: PLAINTIFF" and provide the date the form was signed.

f. Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Holmes's claims against any such Defendant.

10. Holmes is cautioned that failure to return the completed USM-285 Forms in accordance with the above instructions may result in dismissal of this case for failure to prosecute without further notice from the Court.

11. The Clerk of Court is **DIRECTED** to docket any USM-285 Forms that Holmes returns in this case.

12. The Clerk of Court is **DIRECTED** not to issue summonses at this time. The Court will direct issuance of summonses upon receipt of properly completed USM-285 Forms.

**BY THE COURT:**

**KAI N. SCOTT, J.**